UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ENNIS LEE BROWN,

      Plaintiff,

v.            Case No. 17-cv-462-pp

CITY OF MILWAUKEE,
MILWAUKEE POLICE DEPARTMENT,
NICHOLAS JOHNSON,
CHIEF EDWARD FLYNN,
MILWAUKEE COUNTY,
MILWAUKEE COUNTY DISTRICT ATTORNEY JOHN CHISHOLM,
MILWAUKEE COUNTY ASSISTANT DISTRICT ATTORNEY SARA B. HILL (LEWIS),
DETECTIVE KEVIN ARMBRUSTER,
AND DETECTIVE RODNEY YOUNG,

      Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

  The plaintiff, a Wisconsin state prisoner who is representing himself, filed this lawsuit under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. This order resolves his motion and screens his complaint.

**I. Motion for Leave to Proceed without Prepayment of the Filing Fee**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff is incarcerated. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying

the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b).

On April 5, 2017, the court ordered the plaintiff to pay an initial partial filing fee of $7.88. Dkt. No. 5. The plaintiff paid $7.90 on April 11, 2017. Accordingly, the court will grant the plaintiff's motion. The court will require the plaintiff to pay the remainder of the filing fee over time as explained at the end of this decision.

## II. Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States;

2

and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A. The Plaintiff's Allegations

The plaintiff alleges that on July 26, 2012, at 2:05 a.m., defendant City of Milwaukee Police Officer Nicholas Johnson knocked on the door of his home in Milwaukee, Wisconsin. Dkt. No. 1 at 2. When the plaintiff answered the door, Officer Johnson entered the home and asked the plaintiff if he was Ennis Brown. Id. The plaintiff admitted that he was Ennis Brown. Id. Officer Johnson, who didn't have a warrant, arrested the plaintiff and transported him to the "city jail." Id. at 2-3, 4. The plaintiff was held at the jail for over six hours, during which time he didn't know why he had been arrested. Id. at 4.

While at the jail, defendant Detective Kevin Armbruster questioned the plaintiff for about an hour and forty-five minutes. Id. The plaintiff still didn't know what he had been charged with, and a warrant had not been issued for his arrest. Id. After the questioning, the plaintiff was returned to the jail cell. Id. About eight hours later, defendant Detective Rodney Young questioned the plaintiff for over an hour. Id. At that time, there still was no warrant or

probable cause. Id. During the questioning from both Armbruster and Young, the plaintiff demanded an attorney. Id.

The morning of July 27, 2012, the plaintiff was moved to the Milwaukee County Jail. Id. He did not get a probable cause hearing until July 31, 2012 (five days after he was taken to the jail). Id.

Defendant District Attorney John Chisholm signed the complaint "by proxy of" defendant Assistant District Attorney Sara B. Hill (formerly Lewis). Id. On July 31, 2012, after she became aware that the plaintiff had been held in jail for more than forty-eight hours without a probable cause hearing, Attorney Hill issued several "five day not processes" with the jail. Id. Attorney Hill also placed a hold on the plaintiff, preventing his release from the Milwaukee County Jail. Id.

According to the plaintiff, the forty-eight-hour statutory period expired on July 28, 2012, at 2:10 a.m., and he was falsely imprisoned for five days before he received a probable cause hearing. Id.

For relief, the plaintiff seeks monetary damages. Id. at 5.

B.     Analysis

The plaintiff's allegations that Officer Johnson arrested him without a warrant or probable cause implicate his rights under the Fourth Amendment. See Dunaway v. New York, 442 U.S. 200, 216 (1979). Likewise, the plaintiff's allegations that Detectives Armbruster and Young interrogated him and continued to confine him prior to a judicial determination of probable cause implicate the Fourth Amendment. See Cnty. of Riverside v. McLaughlin, 500

4

U.S. 44, 56 (1991); Gerstein v. Pugh, 420 U.S. 103, 114 (1975); Lopez v. City of Chicago, 464 F.3d 711, 718 (7th Cir. 2006). The court will allow the plaintiff to proceed on Fourth Amendment claims against Officer Johnson, Detective Armbruster and Detective Young.

The plaintiff's allegations against defendants District Attorney John Chisholm, Assistant District Attorney Hill (Lewis) for signing the criminal complaint on July 31, 2012, and against ADA Hill (Lewis) for placing a hold on the plaintiff, do not implicate any constitutional right. Even if they did, prosecutorial immunity protects both Chisholm and Hill for actions and decisions undertaken in furtherance of their prosecutorial duties. Fields v. Wharrie, 672 F.3d 505, 510 (7th Cir. 2012) (citing Imbler v. Pachtman, 424 U.S. 409, 410 (1976)). The court will dismiss the plaintiff's claims against Chisholm and Hill.

The court will dismiss the City of Milwaukee and Milwaukee County as defendants. The Supreme Court has held that "a local government may not be sued under §1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under §1983." Monell v. Dep't of Social Servs. Of City of New York, 436 U.S. 658, 694 (1978). The plaintiff has not alleged that the city of Milwaukee or Milwaukee County had a policy or custom of arresting, interrogating or holding people without warrants, and so the plaintiff has not stated a claim against the city or the county.

The court also will dismiss the Milwaukee Police Department as a defendant. A city's police department is not an entity separate from the city that can be sued under §1983. Norman v. City of Evanston, 176 F. App'x. 666, 667 (7th Cir. 2006).

Finally, the court will dismiss Chief Edward Flynn as a defendant. The court assumes that the plaintiff has named Flynn as a defendant because he is the supervisor of defendants Johnson, Armbruster and Young. In order for a supervisor to be held liable under §1983, the plaintiff must show that the supervisor was "personally responsible for the deprivation of the constitutional right." Matthews v. City of East St. Louis, 675 F.3d 703, 708 (7th Cir. 2012). The plaintiff has not alleged that Flynn personally took any action to deprive him of his constitutional rights.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants City of Milwaukee, Milwaukee Police Department, Chief Edward Flynn, Milwaukee County, Milwaukee County District Attorney John Chisholm, and Milwaukee County Assistant District Attorney Sara B. Hill (Lewis).

The court **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order on defendants Johnson, Armbruster and Young under Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or

6

attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

The court **ORDERS** that the defendants shall file a responsive pleading to the complaint.

The court **ORDERS** that the agency having custody of the prisoner shall collect from his institution trust account the $342.10 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution—county, state or federal—the transferring institution shall forward a copy of this orde, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the inmate is confined (the warden of Waupun Correctional Institution).

The court **ORDERS** that the parties shall not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, if the plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court advises the plaintiff that failure to file documents or pleadings in time for the court to receive them by deadlines may result in the dismissal of this case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other

information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 26th day of October, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**