UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ENNIS LEE BROWN,

                Plaintiff,

v.                                            Case No. 17-cv-462-pp

NICHOLAS JOHNSON,
DETECTIVE KEVIN ARMBRUSTER,
and DETECTIVE RODNEY YOUNG,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S REQUEST FOR REVIEW OR AMENDED COMPLAINT (DKT. NO. 10), GRANTING PLAINTIFF'S MOTION TO CLARIFY DOCKET NUMBER 8 (DKT. NO. 11), DENYING PLAINTIFF'S MOTION TO REVIEW DECISION TO DISMISS DEFENDANTS (DKT. NO. 12), GRANTING PLAINTIFF'S MOTION TO CLARIFY SCREENING ORDER (DKT. NO. 19), DENYING DEFENDANTS JOHNSON AND ARMBRUSTER'S MOTION TO RECONSIDER ORDER ALLOWING PLAINTIFF TO PROCEED WITHOUT PREPAYMENT THE FILING FEE (DKT. NO. 20) AND GRANTING DEFENDANTS JOHNSON AND ARMBRUSTER'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER (DKT. NO. 22)**

---

      Plaintiff Ennis Lee Brown is a Wisconsin state prisoner, representing himself. He filed a complaint alleging that the defendants violated his constitutional rights. Dkt. No. 1. On October 26, 2017, the court screened the complaint, and allowed the plaintiff to proceed on Fourth Amendment claims that Officer Nicholas Johnson arrested him without a warrant or probable cause, and that Detectives Kevin Armbruster and Rodney Young interrogated the plaintiff and continued to confine him prior to a judicial determination of probable cause. Dkt. No. 8 at 4-5. The court did not allow the plaintiff to proceed on claims against the other defendants named in the complaint.

1

Specifically, the court decided that the plaintiff's allegations against District Attorney John Chisholm and Assistant District Attorney Sara Hill (Lewis) for signing the criminal complaint, and against Hill (Lewis) for placing a hold on the plaintiff, did not implicate any constitutional right and that, even if they did, prosecutorial immunity protected both Chisholm and Hill (Lewis) for actions and decisions undertaken in furtherance of their prosecutorial duties. Id. at 5. The court dismissed the City of Milwaukee and Milwaukee County as defendants because the plaintiff did not allege that either municipality had a policy or custom of arresting, interrogating or holding people without warrants. Id. The court also dismissed the Milwaukee Police Department, because it is not an entity separate from the city subject to suit under §1983. Id. at 6. Finally, the court dismissed Chief Edward Flynn because the plaintiff did not allege that Flynn had personal involvement in any action to deprive the plaintiff of his constitutional rights. Id.

The plaintiff has filed a motion asking for leave to amend the complaint, dkt. no. 10, a motion for correction or clarification, dkt. no. 11; a motion to review decision to dismiss defendants Chisholm, Hill (Lewis), City of Milwaukee, Milwaukee County, and Chief Edward Flynn, dkt. no. 12; and a motion to clarify screening order, dkt. no. 19. The defendants have filed a motion for reconsideration of order allowing plaintiff to proceed without prepayment of the filing fee, dkt. no. 20, and a motion for extension of time to file an answer, dkt. no. 22.

## I. Plaintiff's Request for Review or Amended Complaint (Dkt. No. 10)

The plaintiff asks to amend the complaint because he says the original complaint had "vital information and pages missing." Dkt. No. 10. The plaintiff attached the three missing pages to his motion. Dkt. No. 10-1.

In these three pages, the plaintiff expands on his allegations against ADA Hill (Lewis), DA Chisholm and Chief Flynn. Id. By way of background: following the plaintiff's arrest on July 26, 2012, the plaintiff was transported to the "city jail" where he remained until his transfer to the Milwaukee County Jail on July 27, 2012. Dkt. No. 1 at 2-3, 4. In his three missing pages, the plaintiff reiterates his allegations that Hill (Lewis) placed a hold on him, which prevented the plaintiff's release from jail before his July 31, 2012 probable cause hearing. Dkt. No. 10-1 at 1.

The plaintiff then describes his two preliminary hearings. The first one took place on August 9, 2012. Id. The plaintiff alleges that at the hearing, the state's witness failed to appear and the case was delayed. Id. He also alleges that if the state's witnesses did not appear, the plaintiff was to be released. Id. The court did not reconvene on August 9, 2012, but Hill (Lewis) did not release the plaintiff. Id. The plaintiff alleges that Hill (Lewis) acted outside of her authority and position at the August 9, 2012, first preliminary hearing:

> The state through ADA Lewis requested an adjournment and needed to prepare an amended complaint with the assistance of an investigating police officer on vacation. The state's initial request was for two weeks, the date of August 24, 2012. Mr. Brown objected and the court allowed the state until 8:30 am the next morning and as a condition of the adjournment the state must provide an investigator or police officer to testify on the newly amended charges in the complaint. The hearing was adjourned

3

> until 8:30 a.m. agreed time and a reappearance before Commissioner Barry Slagle's court. The court prior to the adjournment presented the state with two options and the first was to dismiss the complaint and refile a new complaint with all the charges that would extend the prelim date until Sunday. The state chose the adjournment until the next day. After the adjournment the Asst. DA approached the clerk and had the 8:30 a.m. agreed time moved to 1:30 p.m., August 10, 2012.

Id. at 2.

The plaintiff alleges that on August 10, 2012, Hill (Lewis) "attempted to cover up her wrongdoing by introducing a 42 count complaint under the same case number as the original case, 2012-CF-3786." Id. at 1.

> On August 10, 2012, Mr. Brown awaited to appear at the 8:30 a.m. second preliminary hearing, he did not appear until after 3:30 p.m. Although the state had an amended complaint with 33 more charges, it failed to provide the police officer to testify about the amended complaint and newly added charges as ordered the day before August 9, 2012. The hearing lasted [for] half an hour and was adjourned until August 24, 2012, two weeks away. What was not agreed upon was the new commissioner presiding Barry Phillips or the locked court room prior to Mr. Brown's arrival, it appeared the proceeding was all pre-orchestrated before he was there, right down to the court reporter's running out of paper and the 20 minutes to replace it. Mr. Hicks failed to object and sat by as the hearing failed to meet the court ordered instructions to provide an investigating officer for the newly amended complaint.

Id. at 2.

The plaintiff alleges that Hill (Lewis) used "malfeasance to attempt to cover up her wrongdoing." Id. at 3. He alleges that Hill (Lewis) "acted outside of the scope of her employment who conspired to hold me over 15 days and violated my due process." Id.

The plaintiff also alleges that John Chisholm and Ed Flynn were notified of the misconduct by mail, but they failed to respond. Id. He states that both

4

Chisholm and Flynn seemingly "turned a blind eye to the corruption and ha[ve] established a substantial pattern of such behavior within it ranks and under their direct supervision." Id.

The plaintiff cannot amend his complaint by filing a motion. If the plaintiff wants to amend his complaint, he must follow the procedure in the Eastern District of Wisconsin's Local Rules, and file a complete amended complaint, including all of his allegations in one, single pleading. See Civil L.R. 15(a) (E.D. Wis.).[1] Even if the plaintiff had complied with this rule, and filed a comprehensive amended complaint containing all of his allegations, the court would still would not have allowed him to proceed against Hill (Lewis), Chisholm, or Flynn. As the court explained in the screening order, the plaintiff's allegations against Hill (Lewis) do not implicate a constitutional right and Hill (Lewis) and Chisholm have prosecutorial immunity for actions and decisions undertaken in furtherance of their prosecutorial duties. Dkt. No. 8 at 5. While the plaintiff appears to argue that Hill (Lewis) would not have

---

[1] Civil Local Rule 15 states in relevant part:

> (a) Any amendment to a pleading, whether filed as a matter of course of upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.
>
> (b) A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend.

Civil L.R. 15 (E.D. Wis.).

immunity because she allegedly acted outside the scope of her employment, the events he describes involved her prosecutorial duties. The court will deny the plaintiff's motion.

## II. Plaintiff's Motions for Correction or Clarification (Dkt. Nos. 11, 19)

The plaintiff asked for clarification of the court's October 26, 2017, order to the extent that it ordered the United States Marshals Service to serve the defendants with the complaint. Dkt. Nos. 11, 19. He states that the court's order has altered the informal agreement between the court and the Wisconsin Department of Justice. Id. He says that he has had many filings in this district, and has been able to use the prisoner e-filing system to serve his documents; he asserts that he does not have any money to pay for the Marshals Service to serve his papers in this case, and that none of the screening orders in his other cases required service by the Marshal. Dkt. No. 19 at 1-2.

The plaintiff refers to informal service agreements the court has with the Wisconsin Department of Justice for service on *state* employees and with Milwaukee County for service on *Milwaukee County* employees. In this case, the plaintiff has sued current or former City of Milwaukee employees; they do not fall under either service agreement, and the court has no agreement with the City of Milwaukee.

Because the court allowed the plaintiff to proceed without prepaying the filing fee, dkt. no. 8 at 2, it ordered the United States Marshals Service to serve the defendants with the complaint. See Fed. R. Civ. P. 4(c)(3). Once the complaint has been served, however, the plaintiff will not need to serve future

6

documents through the United States Marshals Service. Because he is at an e-filing institution, the plaintiff must submit all future filings to institution staff, who will scan and e-mail documents to the court pursuant to the Prisoner E-Filing Program. He does not need to mail copies to the court or to the defendants. All defendants will be served electronically through the court's electronic case filing system.

### III. Plaintiff's Motion to Review Decision to Dismiss Defendants Chisholm, Hill (Lewis), City of Milwaukee, Milwaukee County, and Flynn (Dkt. No. 12)

The title of this motion asks the court to review its decision to dismiss Chisolm, Hill (Lewis), the City of Milwaukee, Milwaukee County and Flynn as defendants. Dkt. No. 12. He says that in dismissing these defendants, the court failed to consider various facts. The plaintiff did not allege the facts to which the plaintiff refers in his complaint. They are new facts; the motion is an attempt to amend the complaint. As the court has explained, if the plaintiff wants to amend his complaint, he has to file an amended complaint, complete in itself. The court also refers the plaintiff to Fed. R. Civ. P. 15, which indicates that if the plaintiff wants to amend his complaint after the defendants have responded, he must file a motion seeking leave to amend. Finally, a motion to review, or reconsider, is a motion asking the court to correct errors in its decision. The motion does point to any deficiencies in the court's screening order. The court will deny the motion.

## IV. Defendants Johnson and Armbruster's Motion for Reconsideration of Order Allowing Plaintiff to Proceed Without Prepayment of the Filing Fee (Dkt. No. 20)

Defendants Johnson and Armbruster ask the court to reconsider its order granting the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 20. The defendants contend that because the plaintiff has incurred three "strikes," and because he has not shown that he qualifies for the imminent danger exception, the court should not have allowed him to proceed without prepayment of the filing fee. Id. at 2. The plaintiff responds that he did not receive his third "strike" until after he filed this case, and that he complied with all requirements for proceeding without prepayment of the filing fee before he received his third "strike." Dkt. No. 25 at 1-2.

Under the Prison Litigation Reform Act, a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The defendants list four cases in which they believe the plaintiff incurred a "strike":

(1) Brown v. Hicks, et al., Case No. 15-cv-509-PP (E.D. Wis. March 17, 2016) (dismissing case because the plaintiff filed amended complaint that the court had already determined was Heck-barred; court did not impose strike);

(2) Brown v. Hicks, et al., No. 16-1622 (7th Cir. February 22, 2017) (affirming district court's decision in 15-cv-509

8

>     dismissing complaint as Heck-barred; imposing two "strikes," one for filing a frivolous complaint and a second for filing the appeal);
>
> (3) Brown v. Milwaukee Cty. Public Defenders Office, et al., Case No. 16-cv-632-PP (E.D. Wis. July 18, 2016) (dismissing complaint in part as Heck-barred and in part for failure to state a claim; court did not impose strike); and
>
> (4) Brown v. Wis. State Public Defender's Office, et al., No. 16-3182 (7th Cir. April 20, 2017) (affirming district court's decision in 16-cv-632 rejecting the plaintiff's arguments concerning representation (self- or by counsel); imposing two strikes).

Dkt. Nos. 20 at 2; 21-1, 21-2, 21-3, 21-4.

The defendants state that the plaintiff received one strike in each of the above cases. Dkt. No. 28 at 1-2. They argue that when the plaintiff filed his complaint in this case on March 30, 2017, he already had received his three strikes—(1) one on March 17, 2016, in Case 15-cv-509-PP; (2) one on July 28, 2016, in Case 16-cv-632-PP; and (3) one on February 22, 2017, in Seventh Circuit Case 16-1622. Dkt. No. 28 at 1-2.

Under 28 U.S.C. §1915(g), a court may issue a strike if it dismisses a case as frivolous, malicious, or for failure to state a claim. This court did not dismiss case no. 15-cv-509 for any of those reasons; it dismissed the case because the plaintiff had filed a claim that the court already had determined was Heck-barred. That was why the court did not impose a strike in that case. In case no. 16-cv-632, the court dismissed part of the case because of the Heck bar, and part for failure to state a claim. The *Court of Appeals* determined that the plaintiff's complaints in both cases were frivolous, and imposed strikes for filing the frivolous complaints and for filing the appeals. But the appellate

court's determinations do not necessarily date back to the district court's orders dismissing the cases.

In Paul v. Marberry, 658 F.3d 702, 705-06 (7th Cir. 2011), the court held that dismissal of a prisoner's prior unintelligible complaints did not count as "strikes" because they were not dismissed for one of the grounds specified in 28 U.S.C. §1915(g), even thought they could have been. The court explained:

> [W]e think the plaintiff was entitled to take the previous dismissals at face value, and since none of them was based on any of the grounds specified in section 1915(g), to infer that he was not incurring strikes by the repeated dismissals. The statute is explicit, and the case law confirms, see, e.g., Haury v. Lemmon, 656 F.3d 521, 523 (7th Cir. 2011) (per curiam); Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007), that classifying a dismissal as a strike depends on the grounds given for it; since most prisoners litigate their civil claims *pro se*, they should not be required to speculate on the grounds the judge could or even should have based the dismissal on. It is true that had the plaintiff appealed any of his previous dismissals, we might have affirmed on a ground, different from the district judge's, that would have given him a strike. Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003). But that is different from giving a prisoner a strike, especially a third strike, when no court had mentioned a ground for dismissal specified in the statute for calling a strike.

Id. at 706.

Based on Paul, the court concludes that the plaintiff had received only two "strikes" when he filed the complaint in this case (the two he received on February 22, 2017, in Seventh Circuit Case 16-1622). The plaintiff received two more strikes *after* he filed this case (the two he received on April 20, 2017, in Seventh Circuit Case 16-3182), but these strikes do not affect his ability to proceed without prepayment of the filing fee in this case. The court will deny defendants Johnson and Armbruster's motion for reconsideration.

## V. Defendants Johnson and Armbruster's Motion for Extension of Time to File Answer (Dkt. No. 22)

Defendants Johnson and Armbruster request an extension of time to file their answer to the complaint. Dkt. No. 22. As grounds, they state that if the court were to grant their motion for reconsideration of its decision allowing the plaintiff to proceed without prepaying the filing fee, the plaintiff would not be able to proceed unless he paid the full filing fee. Id. at 2. They ask the court to extend their deadline for filing an answer until a reasonable time after the court has ruled on their motion for reconsideration. The plaintiff opposes the motion. Dkt. No. 24. He argues that the defendants have not shown good cause for an extension of time. Id.

The defendants' request is reasonable; if the court had granted their motion for reconsideration, the case would have been subject to dismissal unless the plaintiff paid the full filing fee. The court will grant the defendants' motion, and allow them to file their answer within twenty-one days of the date of this order.

## VI. Defendant Rodney Young

The United States Marshals Services served defendant Rodney Young with the complaint on January 30, 2018. Dkt. No. 27. His answer was due twenty-one days of service of the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant Young has not answered or appeared. The plaintiff should notify the court as to how he would like to proceed with regard to defendant Young.

## VII. Conclusion

The court **DENIES** the plaintiff's request for review of amended complaint. Dkt. No. 10.

The court **GRANTS** the plaintiff's motion to clarify docket number 8. Dkt. No. 11.

The court **DENIES** the plaintiff's motion to review decision to dismiss defendants. Dkt. No. 12.

The court **GRANTS** the plaintiff's motion to clarify screening order. Dkt. No. 19.

The court **DENIES** defendants Johnson and Armbruster's motion for reconsideration of order allowing plaintiff to proceed without prepayment of the filing fee. Dkt. No. 20.

The court **GRANTS** defendants Johnson and Armbruster's motion for extension of time to file answer. Dkt. No. 22. The court **ORDERS** that defendants Johnson and Armbruster shall answer or otherwise respond to the complaint within **twenty-one days** of the date of this order.

Dated at Milwaukee, Wisconsin this 28th day of August, 2018.

                                      **BY THE COURT:**

                                      **HON. PAMELA PEPPER**
                                      **United States District Judge**