UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENNIS LEE BROWN,

                Plaintiff,

v.                                          Case No. 17-cv-462-pp

NICHOLAS JOHNSON, et al.

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
(DKT. NO. 69)**

On September 9, 2019, the court denied the plaintiff's motion for default judgment, denied his motion for summary judgment and granted the defendants' motion for summary judgment. Dkt. No. 67. The court dismissed the case and entered judgment. Dkt. Nos. 67, 68. On September 25, 2019, the plaintiff filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e). He also filed a supplement to his motion on December 5, 2019. Dkt. No. 70.

The plaintiff filed his motion within twenty-eight days after the court entered judgment, so it is timely under Rule 59(e). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to

1

the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff asserts that the court misapplied well-established law and applied "inaccurate" facts. Dkt. No. 69 at 1. He also says there is newly discovered evidence that wasn't presented to the court. Id. He also asserts that the court denied his motions, and granted the defendants' motions, in retaliation for the fact that the plaintiff filed a writ of *mandamus* against the court. Id.

A good portion of the plaintiff's motion rehashes the evidence presented at summary judgment and argues that the court misapplied that evidence. Under Rule 59(e), the plaintiff is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The plaintiff has not demonstrated that the court failed to recognize any controlling precedent or disregarded the law. He disagrees with how the court applied the law, reiterating legal arguments from his summary judgment and default judgment motions related to the standard for granting default motions, Heck v. Humphrey, 512 U.S. 477 (1994), and Fourth Amendment law. A court may reject a motion that "merely took umbrage with the court's ruling and rehashed arguments." Oto, 244 F.2d at 606.

The plaintiff also alleges that the defendants presented altered or irrelevant exhibits. Dkt. No. 69 at 5. The court discussed these allegations in its ruling; the plaintiff disagrees with them. That is his right, but it is not a basis for granting reconsideration. The plaintiff reiterates that he believes the court should recuse itself—this time because he believes the court mixed this case up with some of his others. <u>Id.</u> at 9. The court has explained, more than once, why it will not recuse itself.

The court **DENIES** the plaintiff's motion for reconsideration. (Dkt. No. 39).

Dated in Milwaukee, Wisconsin this 24th day of April, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**